# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN R. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:13-0688 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| DR. (F/N/U) MATHEWS, NURSE | ) |
| AMY, MTA (L/N/U), and SUMNER | ) |
| COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court upon an untitled document filed by the pro se prisoner Plaintiff the first sentence of which states, "The Plaintiff, motion and ask the court to stop Sumner County Jail Medical Staff from retaliating against me . . ." Docket No. 11, p. 1. Plaintiff discusses an incident that occurred on September 16, 2013, while personnel were passing out medication in his pod. The Court simply does not understand the nature of Plaintiff's complaint here.

The document also "motions" the Court to order the Sumner County Jail to "stop going through my legal-mail." Plaintiff does not, however, specifically explain any instance of "the jail" "going through [his] legal-mail." Instead, he appears to complain that if he writes "legal-mail" on the envelopes he is given, "the jail knows I'm filing this complaint against them so they are violating any & all my rights." *Id.*, p. 2.

Plaintiff further states he "has heard" that Defendant Amy is no longer working at the jail

"do to heads up of my mail not being sealed." *Id*., p. 3. Plaintiff states, "I ask the court to judge this coward move against this jail & Amy, MTA." *Id*., p. 3. Once again, the Court does not understand Plaintiff's complaint.

He further "realleges" that the jail did not follow up on the appointment of being seen by a specialist from another jail. Plaintiff has already alleged this claim in his initial complaint.

The Court will treat the instant document as a Motion. Plaintiff is advised that this Court is empowered to grant appropriate relief in lawsuits filed by plaintiffs. Generally speaking, however, the Court does not address "complaints" that may arise in the course of a lawsuit.

The instant Motion does not set forth any cognizable grounds for relief.

Additionally, Local Rule 7.01(a) provides in relevant part:

> Every motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed shall be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits for depositions in support thereof.

Plaintiff has not complied with the foregoing Local Rule.

For the foregoing reasons, the instant Motion (Docket No. 11) is DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge